**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ROBERTO RAMIREZ and THOMAS IHLE,<br><br>               Plaintiffs,<br><br>       -against-<br><br>J.C. PENNEY CORPORATION, INC., MICHAEL DASTUGUE, JANET DHILLON, KENNETH HANNAH, MICHAEL KRAMER, RONALD JOHNSON, and MYRON E. ULLMAN, III,<br><br>               Defendants. | Civil Action No. 6:14-cv-00601-RWS-KNM<br><br>CLASS ACTION |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") concerning the J.C. Penney Corporation, Inc. Savings, Profit Sharing and Stock Ownership Plan's (the "Plan") investment in the J.C. Penney Common Stock Fund.  The terms of the Settlement are set out in the Class Action Settlement Agreement and Release (the "Settlement Stipulation").[1]

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of the Settlement (ECF 68), the Court preliminarily considered the Settlement to determine, *inter alia*, whether the Settlement is sufficient to warrant the issuance of Class Notice (**Exhibit 1** hereto) and Summary

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Stipulation.

`

Notice (**Exhibit 2** hereto) to members of the proposed Settlement Class.  Upon reviewing the Settlement, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      **Preliminary Certification of the Settlement Class.**  In accordance with the Settlement Stipulation, and pursuant to Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class") for Settlement purposes only:

> All Persons who were participants in or beneficiaries of the J.C. Penney Corporation, Inc. Savings, Profit Sharing and Stock Ownership Plan at any time from November 1, 2011 through May 31, 2016, and whose Plan accounts included investments in the J.C. Penney Common Stock Fund.

2.      Pursuant to the Settlement Stipulation, and for Settlement purposes only, the Court preliminarily finds that:

(a)      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)      as required by FED. R. CIV. P. 23(a)(2), all of the Settlement Class members' claims depend on a common issue of law or fact whose resolution will resolve an issue that is central to the validity of each one of the Settlement Class member's claims in one stroke.

(c)      as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that Named Plaintiffs seek to certify.

(d)      as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class.

`

(e)       as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)       as required by FED. R. CIV. P. 23(b)(2), the Named Plaintiffs allege that the Defendants have acted or refused to act on grounds that apply generally to the Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

(g)       as required by FED. R. CIV. P. 23(g), Class Counsel is capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel:  (i) has done appropriate work identifying or investigating potential claims in the Action; (ii) is experienced in handling class actions; and (iii) has committed the necessary resources to represent the Settlement Class.

3.       The Court preliminarily appoints the Named Plaintiffs as the representatives for the Settlement Class and Zamansky LLC as Class Counsel for the Settlement Class.

4.       **Preliminary Approval of Proposed Settlement** – The Settlement Stipulation is hereby preliminarily approved as fair, reasonable and adequate.  This Court preliminarily finds that:  (a) the Settlement resulted from serious, informed, extensive and arms'-length negotiations with the assistance of the Mediator; (b) the Settlement Stipulation was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Named Plaintiffs' claims; (c) Class Counsel represent that they believe that the

3

`

Settlement is fair, reasonable and adequate; and (d) the Settlement is in the best interest of the Named Plaintiffs and the Settlement Class.  The Court finds that those whose claims would be settled, compromised, dismissed, or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

5.     **Preliminary Injunction** – The Court preliminarily enjoins:  (i) Plaintiffs from bringing in any forum any of Plaintiffs' Released Claims against Defendants' Releasees; and (ii) Defendants from bringing in any forum any Defendants' Released Claims against Plaintiffs' Releasees.

6.     **Fairness Hearing** – A hearing is scheduled for **May 17, 2017 at 9:00 a.m**. in the courtroom of Judge K. Nicole Mitchell, 211 W. Ferguson St., Rm. 353, Tyler, Texas, to make a final determination, concerning among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the Notice Plan proposed by the Parties:  (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

`

- Whether the proposed Plan of Allocation (**Exhibit 3** hereto)  should be approved; and

- Whether Class Counsel's application(s) for attorneys' fees and expenses and Case Contribution Award to the Named Plaintiffs is fair and reasonable and should be approved.

- Whether the Defendants complied with the Class Action Fairness Act of 2005 ("CAFA").

7.     **Notice to the Settlement Class** – The Parties have presented to the Court a proposed form of Class Notice, attached hereto as Exhibit 1 and a Summary Notice, attached hereto as Exhibit 2.  The Court finds that both such forms of notice fairly and adequately:  (a) describe the terms and effects of the Settlement Stipulation, the Settlement, and the Plan of Allocation; (b) notify the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses to be paid and deducted from the Gross Settlement Fund, and for a Case Contribution Award of up to $5,000 each for the Named Plaintiffs for their services in such capacity to be paid from and deducted from the Gross Settlement Fund; (c) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describe how the recipients of the Class Notice may object to any of the relief requested.  The Parties have proposed the following manner of communicating the Class Notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances.  Accordingly, the Court directs that Defendants' Counsel shall:

- By no later than **February 13, 2017**, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be

`

provided by first-class mail, postage prepaid, to the last known address of each Settlement Class member who can be identified through reasonable effort.

- By no later than **February 13, 2017**, cause the Class Notice to be published on the website identified in the Class Notice, which will also host and make available copies of all Settlement-related documents, including the Settlement Stipulation, and litigation-related documents, including the Complaint.

- By no later than **February 13, 2017**, cause the Summary Notice to be published in *USA Today*.

8.      **Petition for Attorney's Fees and Litigation Expenses and Case Contribution Awards** – Any petition by Class Counsel for attorney's fees, reimbursement of litigation expenses and a Case Contribution Award to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than **April 14, 2017**.

9.      **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of Final Approval of the Settlement shall be filed no later than **April 14, 2017**.

10.      **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and reimbursement of litigation expenses, or to any motion for a Case Contribution Award.  An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector also must serve copies of the objection and all supporting

`

law and/or evidence on Class Counsel and counsel for Defendants, but service upon Class Counsel

and counsel for Defendants may be effectuated by electronic mail.  The addresses for filing

objections with the Court and serving objections on counsel are as follows:

**For Filing:**

Clerk of the Court
William M. Steger Federal Building and United States Courthouse
211 W. Ferguson Street
Tyler, TX  75702

Re:  *Roberto Ramirez and Thomas Ihle vs. J.C. Penney Corporation, Inc., et al.,*
No. 14-cv-00601 (RWS) (KNM)

| **To Class Counsel:** | **To Defendants' Counsel:** |
|---|---|
| Jacob H. Zamansky | Howard Shapiro |
| Samuel Bonderoff | PROSKAUER ROSE LLP |
| ZAMANSKY LLC | 650 Poydras Street, Suite 1800 |
| 50 Broadway, 32nd Floor | New Orleans, LA 70130 |
| New York, NY 10004 | Telephone:  (504) 310-4085 |
| Telephone: (212) 742-1414 | Facsimile: (504) 310-2022 |
| Facsimile: (212) 742-1177 | howshapiro@proskauer.com |
| jake@zamansky.com | |
| samuel@zamansky.com | |

Any objector or his, her, or its counsel must serve copies of the objection(s) (together with

any supporting materials) on counsel listed above and file the objection(s) and supporting materials

with the Court no later than **May 1, 2017**.  If an objector hires an attorney to represent him, her,

or it for the purposes of making an objection pursuant to this paragraph, the attorney also must

serve a notice of appearance on counsel listed above and file it with the Court no later than **May

1, 2017**.  Any Settlement Class member or other person who does not timely file and serve a written

objection complying with the terms of this paragraph shall be deemed to have waived, and shall

be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be

`

barred.  Any responses to objections shall be filed with the Court and served on opposing counsel no later than **May 10, 2017**.  There shall be no reply briefs.

11.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than **May 10, 2017**.

12.     **Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection also may appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than **May 3, 2017**.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

13.     **Notice Expenses** – The expenses of the Notice Plan required herein shall be paid by J.C. Penney as described in §12.1 of the Settlement Stipulation.

14.     **Service of Objections On Opposing Counsel** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all Objections to the Settlement that come into their possession.

15.     **Termination of Settlement** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of March 23, 2016, the day immediately prior to the execution of the Term Sheet, if the Settlement is terminated in accordance with the terms of the Settlement Stipulation.

16.     **Use of Order** – This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or

`

it may have.  Moreover, the Settlement Stipulation and any proceedings taken pursuant to the Settlement Stipulation are for settlement purposes only.  Neither the fact of, nor any provision contained in, the Settlement Stipulation or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

17.     **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

18.     **Continuance of Fairness Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice.


**So ORDERED and SIGNED this 3rd day of January, 2017.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ROBERTO RAMIREZ and THOMAS IHLE,<br><br>     Plaintiffs,<br><br> -against-<br><br>J.C. PENNEY CORPORATION, INC., MICHAEL DASTUGUE, JANET DHILLON, KENNETH HANNAH, MICHAEL KRAMER, RONALD JOHNSON, and MYRON E. ULLMAN, III,<br><br>     Defendants. | Civil Action No. 6:14-cv-00601-MHS-KNM<br><br><br>CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, AND SETTLEMENT; (II) FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF A CASE CONTRIBUTION AWARD AND ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

YOUR LEGAL RIGHTS MIGHT BE AFFECTED IF YOU ARE A MEMBER OF THE FOLLOWING CLASS (the "Settlement Class"):

> **All Persons who were participants in or beneficiaries of the J.C. Penney Corporation, Inc. Savings, Profit Sharing and Stock Ownership Plan (the "Plan") at any time from November 1, 2011 through May 31, 2016 (the "Class Period"), and whose Plan accounts included investments in the J.C. Penney Stock Common Stock Fund.**

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION FROM A LAWYER.
### YOU HAVE NOT BEEN SUED.

United States Magistrate Judge K. Nicole Mitchell, of the United States District Court for the Eastern District of Texas, Tyler Division (the "Court") has preliminarily approved a settlement (the "Settlement") of a class action lawsuit (the "Action") brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Settlement generally provides for payments to individuals who had portions of their Plan accounts invested in the J.C. Penney Common Stock Fund, consisting primarily of J.C. Penney Corporation, Inc. ("J.C. Penney" or the "Company") common stock from November 1, 2011 through May 31, 2016. The Settlement is summarized below.

The Settlement consideration is a gross sum of Four Million Five Hundred Thousand Dollars ($4,500,000.00) (the "Gross Settlement Fund"). The Gross Settlement Fund, including accrued interest, after payment of any taxes, expenses, approved attorneys' fees and costs and a Case Contribution Award to the Named Plaintiffs (after deductions, the "Net Settlement Fund"), will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court. The Court has scheduled a hearing to consider Named Plaintiffs' Motion for Final Approval of the Settlement and Class Counsel's Motions for Attorneys' Fees and Expenses and for a Case Contribution Award to the Named Plaintiffs. That hearing has been scheduled for _____, in Courtroom 102 of the United States District Court for the Eastern District of Texas, Tyler Division, William M. Steger Federal Building and United States Courthouse, 211 W. Ferguson Street, Tyler, TX 75702.

Any objections to the Settlement or the Motions for Attorneys' Fees and Expenses and for a Case Contribution Award to the Plaintiffs must be filed with the Court and served in writing on Class Counsel identified on Page _ of this Notice, and on Defendants' attorneys, who also are identified on Page _ of this Notice. The procedure for objecting is described below.

This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in

the Class Action Settlement Agreement and Release ("Settlement Stipulation").  Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Stipulation.  The Settlement Stipulation, and additional information with respect to this Action and the Settlement, is available at an Internet site dedicated to the Settlement, www.[dedicated settlement website].com (the "Settlement Website").

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.  YOU ARE NOT BEING SUED IN THIS MATTER.  YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE.  IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING.  IF YOU DISAPPROVE OF THE SETTLEMENT, YOU MAY OBJECT TO THE SETTLEMENT BY FOLLOWING THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO DO ANYTHING.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you do not need to do anything to receive a payment (if you are entitled to a payment under the Plan of Allocation).  The portion, if any, of the Net Settlement Fund to be allocated to your Plan account, or be paid to you, depending on whether you have an active Plan account, will be calculated as part of the implementation of the Settlement. |
| **NO ACTION IS NECESSARY TO RECEIVE A PAYMENT.** | If you are a Settlement Class member and you currently have an active Plan account, any share of the Net Settlement Fund to which you are entitled will be deposited into your Plan account in accordance with investment elections currently in effect, or, if no such elections have been made, into the Plan's qualified default investment alternative.  If you no longer have an active Plan account, but are a Settlement Class member, any share of the Net Settlement Fund to which you are entitled will be paid to you by a separate check or through re-opening your Plan account. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel identified on Page _ of this Notice about why you object to the Settlement. |
| **YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON _____.** | If you submit a timely written objection to the Settlement to the Court and counsel, you may (but do not have to) attend the Fairness Hearing about the Settlement and present your objections to the Court.  You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing and file a Notice of Intention to Appear. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting Class Counsel:

> Jacob H. Zamansky
> Samuel E. Bonderoff
> ZAMANSKY LLC
> 50 Broadway, 32nd Floor
> New York, NY 10004
> Telephone: (212) 742-1414
> jake@zamansky.com
> samuel@zamansky.com

Class Counsel has established a toll-free phone number to receive your comments and questions: _____.  You may also send an email to info@dedicated settlement website.com.

| WHAT THIS NOTICE CONTAINS |
|---|

SUMMARY OF SETTLEMENT ........................................................................................................................3
STATEMENT OF POTENTIAL OUTCOME OF THE ACTION .........................................................................3
STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION .........................................3
WHAT WILL THE PLAINTIFFS GET? ...........................................................................................................3

QUESTIONS?  CALL _____ TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 2 of 8

BASIC INFORMATION ..................................................................................................................................4
   1.   Why Did I Get This Notice Package? ...................................................................................................4
   2.   What Is The Action About? ....................................................................................................................4
   3.   Why Is This Case A Class Action? .........................................................................................................5
   4.   Why Is There A Settlement? ..................................................................................................................5
   5.   How Do I Know Whether I Am Part Of The Settlement? ....................................................................5
THE SETTLEMENT BENEFITS – WHAT YOU GET .................................................................................5
   6.   What Does The Settlement Provide? .....................................................................................................5
   7.   How Much Will My Payment Be? .........................................................................................................6
   8.   How Can I Get A Payment? ...................................................................................................................6
   9.   When Would I Get My Payment? ..........................................................................................................6
   10.  Must I Participate In The Settlement? ...................................................................................................7
THE LAWYERS REPRESENTING YOU .....................................................................................................7
   11.  Do I Have A Lawyer In The Case? .......................................................................................................7
   12.  How Will The Lawyers Be Paid? ..........................................................................................................7
   13.  How Do I Tell The Court If I Do Not Like The Settlement Or The Motions For Attorneys' Fees And Expenses And
        Plaintiffs' Case Contribution Awards? ............................................................................................7
THE FAIRNESS HEARING ...........................................................................................................................7
   14.  When And Where Will The Court Decide Whether To Approve The Settlement? ...............................8
   15.  Do I Have To Come To The Hearing? ...................................................................................................8
   16.  May I Speak At The Hearing? ...............................................................................................................8
IF YOU DO NOTHING ..................................................................................................................................8
   17.  What Happens If I Do Nothing At All? .................................................................................................8
GETTING MORE INFORMATION ...............................................................................................................8
   18.  Are There More Details About The Settlement? ...................................................................................8

**SUMMARY OF SETTLEMENT**

This Action is a class action in which Named Plaintiffs allege that Defendants breached fiduciary duties under ERISA owed to the participants in and beneficiaries of the Plan arising from the Plan's investments in the J.C. Penney Common Stock Fund, consisting primarily of J.C. Penney common stock, during the Class Period.  Copies of the operative August 25, 2014 first amended complaint (the "Complaint") and other documents filed in the Action are available at www.[dedicated settlement website].com or from Class Counsel.

**STATEMENT OF POTENTIAL OUTCOME OF THE ACTION**

Plaintiffs face an uncertain outcome if this Action were to continue.  Defendants strongly dispute the claims asserted in the Action.  If Plaintiffs' case proceeded to trial, Plaintiffs could receive a judgment or verdict greater or less than $4.5 million, or no recovery at all.  Plaintiffs will describe potential outcomes in greater detail, including scenarios under which a recovery in excess of $4.5 million might have been obtained, in their motion papers for Settlement approval; those motion papers will be posted to the Settlement Website at least two weeks before the deadline for objecting, or by no later than _____.

Named Plaintiffs and Defendants (together the "Parties") disagree on liability, and dispute the amount that would be recoverable even if Plaintiffs were to prevail at trial.  Defendants have denied and continue to deny all claims and contentions by Named Plaintiffs.  Defendants deny that they are liable to the Settlement Class, and that the Settlement Class or the Plan has suffered any losses or damages for which Defendants could be held legally responsible.  Nevertheless, Defendants have considered the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Stipulation.

**STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION**

Class Counsel will file a motion for an order awarding attorneys' fees not in excess of thirty percent (30%) of the amount recovered in the Settlement, plus reimbursement of expenses.  Any amount awarded will be paid from the proceeds of the Gross Settlement Fund.  Defendants take no position on this motion.  Any motion for attorneys' fees will be posted to the Settlement Website at least two weeks before the deadline for objecting, or by no later than _____.

**WHAT WILL THE PLAINTIFFS GET?**

The two Named Plaintiffs will share in the allocation of the Net Settlement Fund on the same basis as all other members of the Settlement Class.  In addition, the Named Plaintiffs will ask the Court to award up to $5,000 to each of them in recognition of their representation of the Settlement Class.  Any such award will be paid solely from the proceeds of the Gross Settlement Fund.  Information about any such award sought will be included within any motion for a Case Contribution Award posted to the Settlement Website at least two weeks before the deadline for objecting, or by no later than _____.

QUESTIONS?  CALL _____ TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 3 of 8

## BASIC INFORMATION

| **1.** | **WHY DID I GET THIS NOTICE PACKAGE?** |
|---|---|

You or someone in your family was a participant in the Plan during the Class Period and your, or their, Plan account(s) invested in the J.C. Penney Common Stock Fund.

The Court directed that this Notice be sent to you because, if you fall within that group, you have a right to know about the Settlement and the options available to you regarding the Settlement, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Fund will be allocated among Settlement Class members according to a Plan of Allocation that will be approved by the Court. This Notice describes the Action, the Settlement, your legal rights, the benefits available under the Settlement, who is eligible for them, and how to get them.

The United States District Court for the Eastern District of Texas, Tyler Division, is in charge of this case. The persons who sued are called "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Roberto Ramirez and Thomas Ihle. The Defendants are J.C. Penney Corporation, Inc., Michael Dastugue, Janet Dhillon, Kenneth Hannah, Michael Kramer, Ronald Johnson, and Myron E. Ullman, III. The Action is known as *Roberto Ramirez and Thomas Ihle vs. J.C. Penney Corporation, Inc., Michael Dastugue, Janet Dhillon, Kenneth Hannah, Michael Kramer, Ronald Johnson, and Myron E. Ullman, III*, No. 14-cv-00601 (MHS) (KNM), and is pending in the United States District Court for the Eastern District of Texas, Tyler Division.

| **2.** | **WHAT IS THE ACTION ABOUT?** |
|---|---|

### THE CLAIMS IN THE ACTION

Plaintiffs' Complaint was filed on behalf of the Plan to recover losses to the Plan allegedly caused by alleged breaches of fiduciary duty under ERISA. Plaintiffs allege that Defendants violated ERISA by, among other things, permitting the Plan to purchase and hold shares of J.C. Penney common stock during the Settlement Class Period when they knew or should have known it was imprudent to do so. Participants in the Plan were able to allocate their account balances among various investment funds, including the J.C. Penney Common Stock Fund.

The Action alleges that, under ERISA, Defendants owed fiduciary duties of loyalty, care and prudence to the Plan, and that they violated those duties in connection with the Plan's investments in the J.C. Penney Common Stock Fund. Specifically, Plaintiffs allege that: (1) during the Class Period, Defendants allowed continued investment in the J.C. Penney Common Stock Fund during a time when J.C. Penney stock traded at an artificially inflated price because of false and misleading representations made by J.C. Penney senior officers about the Company's true financial condition and also about new and transformative changes implemented in the pricing and redesign of J.C. Penney stores; and (2) the J.C. Penney Common Stock Fund became unduly risky for retirement savings in 2011, and was therefore an imprudent retirement investment for the Plan. Plaintiffs also allege that certain Defendants failed adequately to monitor and inform other Defendants.

### THE DEFENSES IN THE ACTION

Defendants deny that they have engaged in any wrongdoing whatsoever, have breached fiduciary duties, or have any liability to the Plan or its participants or beneficiaries. If the Action were to continue, Defendants would raise numerous defenses to liability, including, without limitation:

- Defendants were not each fiduciaries of the Plan, or, to the extent any Defendant was a fiduciary, his/her/its fiduciary duties did not extend to the matters at issue in the Action;

- Plaintiffs' allegations are all false;

- The J.C. Penney Common Stock Fund was a prudent investment for the Plan and its participants;

- Defendants fully and prudently discharged any and all fiduciary duties under ERISA; and

- Losses suffered by the J.C. Penney Common Stock Fund during the Settlement Class Period were a result of market conditions and in no way caused by any actions or omissions of the Defendants.

### THE ACTION HAS BEEN VIGOROUSLY LITIGATED

Class Counsel has extensively investigated the allegations in the Action. Class Counsel has obtained and reviewed thousands of pages of documents, including Plan governing documents and materials, Securities and Exchange Commission ("SEC") filings, Department of Labor ("DOL") filings, press releases, public statements, news articles and other publications, and other documents regarding the matters that the Plaintiffs allege made investment in the J.C. Penney Common Stock Fund an imprudent Plan investment. Class Counsel also obtained ERISA-related documents, including damages-related data, in anticipation of mediation.

This Action was litigated by Named Plaintiffs and Class Counsel nearly two years before a final agreement on Settlement terms was reached. Plaintiff Ramirez filed his complaint against Defendant J.C. Penney Corporation, Inc. (and several other J.C. Penney directors who were subsequently voluntarily dismissed from the action) on July 8, 2014. The Court appointed Zamansky LLC Interim

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 4 of 8

Liason Class Counsel on August 20, 2014.  Plaintiff Ihle joined Plaintiff Ramirez on an amended complaint filed on August 25, 2014; the amended complaint named additional defendants Michael Dastugue, Janet Dhillon, Kenneth Hannah, Michael Kramer, Ronald Johnson, and Myron E. Ullman, III.

On November 7, 2014, Defendants moved to dismiss Plaintiffs' amended complaint, which was later denied on September 29, 2015.  On January 8, 2016, the Court ordered the Parties to pursue nonbinding mediation.  On February 22, 2016, Defendants filed a motion for reconsideration of the Court's denial of their motion to dismiss.

In addition to the above the Parties were moving forward with substantial discovery efforts.

## SETTLEMENT DISCUSSIONS

The Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel, which was mediated by an experienced and well respected mediator.  Throughout the mediation, which took place on March 24, 2016, Class Counsel was advised by individuals with expertise of the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

| 3. | WHY IS THIS CASE A CLASS ACTION? |
|---|---|

In a class action, one or more plaintiffs, called "class representatives" or "plaintiffs," sue on behalf of people who have similar claims.  All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members."  One case resolves the issues for all class members together.  Because the wrongful conduct alleged in this Action allegedly affected a large group of people – participants of the Plan during the relevant time period whose Plan accounts included investments in the J.C. Penney Common Stock Fund – in a similar way, Named Plaintiffs filed this case as a class action.

| 4. | WHY IS THERE A SETTLEMENT? |
|---|---|

The Parties have agreed to settle this case following significant litigation.  While Plaintiffs and Class Counsel believe the Action has merit, they recognize that the outcome would be uncertain.  Plaintiffs faced lengthy litigation on the merits of their claims, including discovery, class certification proceedings, trial and likely appeals.

As in any litigation, the Plaintiffs would face an uncertain outcome.  On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement.  On the other hand, continuing the case could result in no recovery at all, or a recovery that is less than the amount of the Settlement.  And, continuing the case could result in judgment for Defendants.  Based on these factors, Plaintiffs and Class Counsel have concluded that the proposed cash Settlement is in the best interests of all Settlement Class members.

| 5. | HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? |
|---|---|

You are a member of the Settlement Class if you fall within the definition of the Settlement Class approved by the Court:

> All Persons who were participants in or beneficiaries of the J.C. Penney Corporation, Inc. Savings, Profit Sharing and Stock Ownership Plan (the "Plan") at any time from November 1, 2011 through May 31, 2016, and whose Plan accounts included investments in the J.C. Penney Common Stock Fund.

If you are a member of the Settlement Class, the amount of money you will receive, if any, depends upon the Plan of Allocation, described below and the amount of the J.C. Penney Common Stock Fund in which your Plan account was invested during the Class Period.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | WHAT DOES THE SETTLEMENT PROVIDE? |
|---|---|

A Gross Settlement Fund of $4.5 million will be divided among eligible Settlement Class members after payment of attorneys' fees to Class Counsel, a Case Contribution Award to the Named Plaintiffs, and payment of other costs and expenses of the Settlement, as the Court may allow.  The Settlement Stipulation, other related documents, and a list of frequently asked questions are available at the Settlement Website identified below, and further describe the details of the proposed Settlement.  While there is nothing you have to do to receive a Settlement distribution, if any, pursuant to the Settlement, the amount to which you are entitled, if anything, cannot be determined until after the Court has finally approved the Settlement.  At that time, the Plan's records and a formula approved by the Court will be used to calculate each Settlement Class member's distribution, if any, under the Settlement.  Your share (if any) of the Net Settlement Fund will depend upon the amount and value of shares of J.C. Penney common stock held in your Plan account(s) during the Class Period as shown by the Plan's records and as described in the Plan of Allocation which the Court ultimately approves.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the "Defendants' Releasees" from "Plaintiffs' Released Claims."  Defendants' Releasees are broadly defined in the Settlement Stipulation, and include, among others, the Defendants and their related entities and any and all of their officers, directors, employees, attorneys, insurers, reinsurers, agents, successors, assigns, heirs, executors, the independent fiduciary, and administrators.  Plaintiffs'

QUESTIONS?  CALL _____  TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 5 of 8

Released Claims, which also are broadly defined in the Settlement Stipulation, include, among others, any and all claims which were or could have been asserted in the Action.  This means that Settlement Class members will be enjoined from and will not have the right to sue Defendants' Releasees for anything related to the investment of Plan assets in the J.C. Penney Common Stock Fund or related matters during the Class Period.

The above description of the proposed Settlement is only a summary.  Complete terms, including the definitions of the "Defendants' Releasees" and "Plaintiffs' Released Claims" are set forth in the Settlement Stipulation (including its exhibits), which may be obtained from the Settlement Website, www.[dedicated settlement website].com, or by contacting Class Counsel listed on Page 2 above.

| **7.** | **HOW MUCH WILL MY PAYMENT BE?** |
|---|---|

Your share (if any) of the Net Settlement Fund, net of the fees and expenses described above, will depend on your alleged loss, compared to other Settlement Class members' alleged losses, related to Plan investments in the J.C. Penney Common Stock Fund at any time since November 1, 2011.  Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation.  You are not responsible for calculating the amount you may be entitled to receive under the Settlement, or for providing the information needed to perform such calculations.

In general, your proportionate share of the Settlement will be calculated as follows:

- Each Settlement Class member's "Net Loss" will be calculated.  For each Settlement Class member, his or her Net Loss will be equal to: (a) the dollar value, if any, of his or her account balance in the J.C. Penney Common Stock Fund on the first day of the Settlement Class Period (November 1, 2011); plus (b) the dollar value, if any, of all purchases of interests in the J.C. Penney Common Stock Fund for his or her account during the Class Period, as of the time of purchase(s); minus (c) the dollar value, if any, of all dispositions of interests in the J.C. Penney Common Stock Fund in his or her account during the Class Period, as of the time of the disposition(s); minus (d) the dollar value of the balance in the J.C. Penney Common Stock Fund remaining in his or her account on the close of business on May 31, 2016.

- All Net Losses will be aggregated to yield the total loss over the Plan of Allocation and each Settlement Class member's percentage of that total loss will be calculated.

- Applying that percentage to the Settlement proceeds (net of fees and expenses as described above), the Settlement Administrator, if one is retained, or other such entity, will calculate each Settlement Class member's share of those proceeds on a preliminary basis.

- All participants whose preliminary share is greater than zero but less than or equal to twenty-five dollars ($25.00) will be deemed to have a final share equal to zero dollars.  The Settlement Administrator, if one is retained, or other such entity, will then recalculate the net loss percentage of those Settlement Class members whose preliminary share was greater than $25.00, to arrive at each such Settlement Class member's final share.

***Do not worry if you do not have records that show your Plan activity***.  The Plan has records of participants' activity which will be used for calculations.  If you are entitled to a share of the Net Settlement Fund, you will receive a statement showing your share.  If you have questions regarding the allocation of the Settlement proceeds, please contact Class Counsel listed on Page 2 above.

| **8.** | **HOW CAN I GET A PAYMENT?** |
|---|---|

You do not need to file a claim.  If you are a Settlement Class member with an active Plan account, the payment will be made directly to your Plan account in accordance with investment elections currently in effect, or, if no such elections have been made, into the Plan's qualified default investment alternative.  If you are a Settlement Class member without an active Plan account, the payment will made to you by a separate check or through re-opening your Plan account.  If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above.

| **9.** | **WHEN WOULD I GET MY PAYMENT?** |
|---|---|

The Settlement cannot be completed unless and until several events occur.  These events include final approval of the Settlement by the Court and calculation of the amount of the Settlement proceeds owed to each Settlement Class member.  If objections are made or appeals are taken by objectors from approval of the Settlement, this process may take a long time to complete, possibly years.  The Settlement Payment, however, will be invested in a secure, interest-bearing account, and the interest income will be included in any amount allocated to Settlement Class members.

**THERE WILL BE NO PAYMENTS IF THE SETTLEMENT STIPULATION IS TERMINATED**

The Settlement may be terminated for several reasons, including if: (1) the Court does not approve, or materially modifies, the Settlement Stipulation in a way that Plaintiffs and Defendants do not accept; or (2) the Court approves the Settlement Stipulation but the approval is reversed or materially modified by an appellate court.  If the Settlement is terminated, the Action will proceed as if the Settlement Stipulation had not been entered into.

Calculations will be made as soon as practicable after the Settlement is completed, and a distribution will be made as soon as

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 6 of 8

practicable after the calculations have been verified.  Only Settlement Class members entitled to a distribution will receive correspondence when the distribution is made.  Updates, when available, will be posted to the Settlement Website.

| **10.    MUST I PARTICIPATE IN THE SETTLEMENT?** |
|---|

***You do not have the right to exclude yourself from the Settlement***.  The Settlement Stipulation provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1) and (b)(2) and the Court has preliminarily determined that the requirements of that Rule have been satisfied.  Thus, it is not possible for any Settlement Class member to exclude themselves from the Settlement.  As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt-out of the Settlement, you can object to the Settlement.  See Answer to Question No. 13 below.

## THE LAWYERS REPRESENTING YOU

| **11.    DO I HAVE A LAWYER IN THE CASE?** |
|---|

The Court has appointed the law firm of Zamansky LLC as Interim Class Counsel for Plaintiffs and the [Proposed] Settlement Class Counsel in this Action.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.    HOW WILL THE LAWYERS BE PAID?** |
|---|

Class Counsel will file a motion for an award of attorneys' fees of not more than thirty percent (30%) of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action.  This motion will be considered at the Fairness Hearing described below.

| **13.    HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT OR THE MOTIONS FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' CASE CONTRIBUTION AWARDS?** |
|---|

Any motions for final approval of the Settlement and for Attorneys' Fees and Expenses and a Case Contribution Award will be filed with the Court, and will be posted to the Settlement Website, by no later than _____.

If you are a Settlement Class member, you can object to the Settlement and/or the Motions for Fees and Expenses and Named Plaintiffs' Case Contribution Award.  To object, you must file a letter or other writing with the Court stating that you object to the Settlement, Motion for Fees and Expenses, and/or Motion for Named Plaintiffs' Case Contribution Award in *Roberto Ramirez and Thomas Ihle vs. J.C. Penney Corporation, Inc., et al.*, No. 14-cv-00601 (MHS) (KNM), and is pending in the United States District Court for the Eastern District of Texas, Tyler Division.  Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons you object to the Settlement.  The objection must refer prominently to *Roberto Ramirez and Thomas Ihle vs. J.C. Penney Corporation, Inc., et al.*, No. 14-cv-00601 (MHS) (KNM).

Objections must be sent to the Court.  The address for the Court is:  Clerk of the Court, William M. Steger Federal Building and United States Courthouse, 211 W. Ferguson Street, Tyler, TX  75702.  ***Your written objection must be sent to the Court and postmarked, or if not sent by United States Postal Service received by the Court, by no later than _____.***

Any objection must also be postmarked, or received if not sent by United States Postal Service, to counsel on the same day it is sent to the Court.  Objections may alternatively be emailed to counsel, but emailing objections to counsel does not relieve you from the obligation to file the objection with the Clerk of the Court by mail as described immediately above.

|  |  |
|---|---|
| **To Class Counsel:** | **To Defendants' Counsel:** |
| Jacob H. Zamansky | Howard Shapiro |
| Samuel E. Bonderoff | PROSKAUER ROSE LLP |
| ZAMANSKY LLC | 650 Poydras Street, Suite 1800 |
| 50 Broadway, 32nd Floor | New Orleans, LA 70130 |
| New York, NY 10004 | Telephone:  (504) 310-4085 |
| Telephone: (212) 742-1414 | Facsimile: (504) 310-2022 |
| Facsimile: (212) 742-1177 | howshapiro@proskauer.com |
| jake@zamansky.com |  |
| samuel@zamansky.com |  |

***Your objection must be sent to the Court and contemporaneously sent to the counsel listed above.  If the objection is sent by the United States Postal Service, it must be postmarked by _____.  If the objection is sent by other means and not by the United States Postal Service, it must be received by the Court no later than _____.***

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable and adequate (the "Fairness Hearing").

QUESTIONS?  CALL _____ TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 7 of 8

You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

| **14.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |
| --- |

The Fairness Hearing in this case will be held at _____ on _____, in Courtroom 102 of the United States District Court for the Eastern District of Texas, Tyler Division, William M. Steger Federal Building and United States Courthouse, 211 W. Ferguson Street, Tyler, TX  75702, to consider whether to approve the Settlement and a request by the lawyers representing all Settlement Class members, Class Counsel, for attorneys' fees, for a Case Contribution Award to the Named Plaintiffs, and for other case-related expenses.  The Court may adjourn the Fairness Hearing without further notice to the Settlement Class, so, if you wish to attend, you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so.  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court also will rule on the Motions for Attorneys' Fees and Expenses and for a Case Contribution Award to the Named Plaintiffs.  It is not known how long these decisions will take or whether appeals will be taken.

| **15.    DO I HAVE TO COME TO THE HEARING?** |
| --- |

No.  You may come at your own expense or retain an attorney at your own expense to attend, but your attendance is not necessary. The Court will consider any written objections even if you do not attend the hearing.

| **16.    MAY I SPEAK AT THE HEARING?** |
| --- |

If you are a Settlement Class member, you or your attorney may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must have served an objection and you *must* send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Roberto Ramirez and Thomas Ihle vs. J.C. Penney Corporation, Inc., et al.*, No. 14-cv-00601 (MHS) (KNM)."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be filed and served on the attorneys listed in the Answer to Question No. 13 above, must be postmarked, or if not sent by United States Postal Service received by the Court, by _____, 2016, and must be filed with the Clerk of the Court at the address listed in the Answer to Question No. 13.

<b>IF YOU DO NOTHING</b>

| **17.    WHAT HAPPENS IF I DO NOTHING AT ALL?** |
| --- |

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described in this Notice.  Whether you receive any portion of the Settlement Fund will be determined in accordance with the Plan of Allocation.

<b>GETTING MORE INFORMATION</b>

| **18.    ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
| --- |

Yes.  This Notice summarizes the proposed Settlement.  The complete terms are set forth in the Settlement Stipulation.  You may obtain a copy of the Settlement Stipulation by making a written request to Class Counsel listed on Page 2 above.  Copies may also be obtained at a dedicated Settlement Internet site, www.[dedicated settlement website].com, by calling the toll-free number _____ or by sending an email to info@dedicated settlement website.com.  You are encouraged to read the complete Settlement Stipulation.

DATED: _____, 2016               UNITED STATES DISTRICT COURT
                                              FOR THE EASTERN DISTRICT OF TEXAS
                                              TYLER DIVISION

QUESTIONS?  CALL _____ TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court, Defendants or their counsel with your questions.
Page 8 of 8

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ROBERTO RAMIREZ and THOMAS IHLE,<br><br>                    Plaintiffs,<br><br>       -against-<br><br>J.C. PENNEY CORPORATION, INC., MICHAEL DASTUGUE, JANET DHILLON, KENNETH HANNAH, MICHAEL KRAMER, RONALD JOHNSON, and MYRON E. ULLMAN, III,<br><br>                  Defendants. | Civil Action No. 6:14-cv-00601-MHS-KNM<br><br><br>CLASS ACTION |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING

**TO:**    **ALL PERSONS WHO WERE PARTICIPANTS IN OR BENEFICIARIES OF THE J. C. PENNEY CORPORATION, INC. SAVINGS, PROFIT SHARING AND STOCK OWNERSHIP PLAN (THE "PLAN") AT ANY TIME FROM NOVEMBER 1, 2011 THROUGH MAY 31, 2016 AND WHOSE PLAN ACCOUNTS INCLUDED INVESTMENTS IN THE J. C. PENNEY COMMON STOCK FUND.**

## PLEASE READ THIS NOTICE CAREFULLY.
## A FEDERAL COURT AUTHORIZED THIS NOTICE.
## THIS IS NOT A SOLICITATION.
## YOU ARE NOT BEING SUED.

A Settlement has been preliminarily approved by a federal court in a consolidated class action lawsuit against J. C. Penney Corporation, Inc. ("J. C. Penney" or the "Company") and certain individuals, alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"). A Gross Settlement Fund consisting of Four Million Five Hundred Thousand Dollars ($4,500,000.00) is being established in the Action. Class Counsel believes that the Gross Settlement Fund will allow for tax-free distribution to retirement accounts of some members of the Class. The Gross Settlement Fund, including accrued interest, after payment of any taxes, expenses, approved attorneys' fees and costs and a Case Contribution Award to the Named Plaintiffs (after deductions, the "Net Settlement Fund"), will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court. All capitalized terms not otherwise defined in this Summary Notice have the meaning provided in the Class Action Settlement Agreement and Release (the "Settlement Stipulation") available on the

Settlement website identified below.  If you qualify, you will receive an allocation without taking any further action.  You do not need to send in a claim or take any other action to participate in the Settlement.  The United States District Court for the Eastern District of Texas, Tyler Division authorized this Notice.

**WHO IS INCLUDED IN THE SETTLEMENT?**

If you were a participant in the Plan at any time from November 1, 2011 through May 31, 2016, or if you were a beneficiary of any such participant, and your Plan account included investment in the J. C. Penney Common Stock Fund, then you are a member of the Settlement Class (a "Settlement Class member").

**WHAT IS THIS CASE ABOUT?**

Plaintiffs claim that Defendants breached their fiduciary duties under ERISA by continuing to allow the investment of the Plan's assets in the J. C. Penney Common Stock Fund when Defendants knew or should have known that such investment was imprudent, and by other related acts during the Settlement Class Period.  Plaintiffs' allegations are described in more detail in the Complaint available on the Settlement website identified below.  All Defendants deny any and all wrongdoing and believe that if the case continued, Defendants would prevail.  Both sides agreed to the Settlement to avoid the cost and risk of further litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

A Gross Settlement Fund of $4.5 million will be divided among eligible Settlement Class members after deductions for:  the payment of attorneys' fees to Class Counsel, a Case Contribution Award to the Named Plaintiffs, and payment of other costs and expenses of the Settlement, as the Court may allow.  The Settlement Stipulation, other related documentation, and a list of frequently asked questions are available at the Settlement website identified below, and further describe the details of the proposed Settlement.  Your share (if any) of the Net Settlement Fund will depend upon the amount and value of shares of J. C. Penney common stock held in your Plan account(s) during the Class Period, as described in the Plan of Allocation which the Court has preliminarily approved.  While there is nothing you have to do to receive a Settlement distribution, if any, pursuant to the Settlement, the amount to which you are entitled, if anything, cannot be determined until after the Court has finally approved the Settlement.  At that time, the Plan's records and a formula approved by the Court will be used to calculate each Settlement Class member's distribution, if any, under the Settlement.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the "Defendants' Releasees" from "Plaintiffs' Released Claims."  Defendants' Releasees are broadly defined in the Settlement Stipulation, and include, among others, the Defendants and their related entities and any and all of their officers, directors, independent fiduciary, employees, attorneys, insurers, reinsurers, agents, successors, assigns, heirs, executors and administrators.  Plaintiffs' Released Claims, which also are broadly defined in the Settlement Stipulation, include, among others, any and all claims which were or could have been asserted in the Action.  This means that Settlement Class members will be enjoined from and will not have the right to sue the released persons for anything related to

the investment of Plan assets in the J. C. Penney Common Stock Fund or related matters during the Class Period.

## HOW DO I RECEIVE A PAYMENT?

If you are a Settlement Class member and are entitled to a share of the Net Settlement Fund according to the Settlement Stipulation and Plan of Allocation, you are not required to do anything to receive a payment.  If you are a Settlement Class member with an active Plan account, the payment will be made directly to your Plan account in accordance with investment elections currently in effect, or, if no such elections have been made, into the Plan's qualified default investment alternative.  If you are a Settlement Class member without an active Plan account, the payment will be made to you by the Settlement Administrator, if one is retained, or other such entity.  If your address has changed since you closed your Plan account, please contact Class Counsel toll-free at _____ to advise them of the change of address.

## CAN I OBJECT TO OR OPT-OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement in this case, but you do have the right to object by writing to the Court.**  You will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released all of the Defendants' Releasees from all claims that were or could have been asserted in this case, other than your right to obtain the relief provided to you, if any, by the Settlement.

The Court will hold a Fairness Hearing in this case at _____on _____, in Courtroom 102 of Magistrate Judge K. Nicole Mitchell, United States District Court for the Eastern District of Texas, Tyler Division, William M. Steger Federal Building and United States Courthouse, 211 W. Ferguson Street, Tyler, TX  75702, to consider whether to approve the Settlement and a request by the lawyers representing all Settlement Class members for attorneys' fees and for reimbursement of other case-related expenses, and for a Case Contribution Award to the Named Plaintiffs.  If approved, these amounts will be deducted and paid from the Gross Settlement Fund.  You may ask to speak at the hearing by filing a Notice of Intention to Appear by _____, but you are not required to do so.

Although you cannot opt-out of the Settlement, you may object to all or any part of the Settlement in accordance with the instructions included in the Class Notice available at the Settlement website identified below.  Objections must be postmarked, or if not sent by United States Postal Service received by the Court, by _____.  Please note that the time, place and date of the hearing may change without a further mailing.  Class Counsel will update the Settlement website identified below if the hearing time or location is changed.  Please check the website or contact Class Counsel if you wish to confirm that the hearing time has not been changed.

## HOW DO I GET MORE INFORMATION?

If you are a Settlement Class member and would like to receive additional information or to receive a copy of the long-form Notice of Proposed Settlement of Class Action and Fairness Hearing, call toll-free _____ or visit www.[dedicated settlement website].com.

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ROBERTO RAMIREZ and THOMAS IHLE,<br><br>                Plaintiffs,<br><br>      -against-<br><br>J. C. PENNEY CORPORATION, INC., MICHAEL DASTUGUE, JANET DHILLON, KENNETH HANNAH, MICHAEL KRAMER, RONALD JOHNSON, and MYRON E. ULLMAN, III,<br><br>                Defendants. | Civil Action No. 6:14-cv-00601-MHS-KNM<br><br>CLASS ACTION |

## PLAN OF ALLOCATION

I.     **Definitions**

      A.     Except as provided for in this Plan of Allocation, the capitalized terms used herein shall have the meanings ascribed to them in the Settlement Stipulation.

      B.     "Final Individual Dollar Recovery" means the amount calculated pursuant to Parts III.F-III.G below.

      C.     "Participants" means Participants With Active Plan Accounts and Participants Without Active Plan Accounts.

      D.     "Participants With Active Plan Accounts" means Settlement Class members who have a positive balance in their Plan account at the time of distribution of the Final Individual Dollar Recovery.

      E.     "Participants Without Active Plan Accounts" means Settlement Class members who have no account balance in the Plan at the time of distribution of the Final Individual Dollar Recovery.

F.      "Plan" means the J. C. Penney Corporation, Inc. Savings, Profit Sharing and Stock Ownership Plan.

G.      "Preliminary Individual Dollar Recovery" means the amount calculated pursuant to Parts III.A-III.E below.

H.      "Recordkeeper" means the administrative service provider providing recordkeeping services to the Plan.

I.      "Trustee" means the Plan's directed trustee.

## II.     Allocation of the Net Settlement Fund to the Settlement Class

A.      Pursuant to Section 12.5 of the Settlement Stipulation, after the Effective Date of Settlement, Class Counsel shall cause the Settlement Administrator, if one is retained, or another entity, to calculate Participants' entitlements under this Plan of Allocation.   Upon the calculations being completed and reviewed by Class Counsel: (1) Class Counsel shall direct the Settlement Administrator, if one is retained, or such other entity, to provide the calculations to the Recordkeeper and Trustee; and (2) Class Counsel shall direct the disbursement of the portion of the Net Settlement Fund applicable to Participants With Active Plan Accounts to the Recordkeeper and Trustee for distribution to Participants With Active Plan Accounts.

B.      Distribution of the Net Settlement Fund will be based upon each Settlement Class members' status with respect to the Plan and Final Individual Dollar Recovery:

1.      <u>Participants With Active Plan Accounts.</u>  As promptly as possible after deposit of the Net Settlement Fund into the Plan, the Trustee shall be directed to allocate to Participants With Active Plan Accounts their Final Individual Dollar Recovery, as calculated by the Settlement Administrator, if one

is retained, or another entity, based upon the formula below.  The Final Individual Dollar Recovery to each Participant With Active Plan Account shall be allocated pro-rata among the sub-accounts in each such individual's account(s) and allocated among each such individual's investment options in accordance with the existing investment elections then in effect or, if no investment elections are in effect, to the Plan's default fund.  Participants With Active Plan Accounts may reallocate their Final Individual Dollar Recovery as then permitted by the Plan. The Final Individual Dollar Recovery shall be subject to the Plan provisions governing the applicable sub-accounts.

2.      <u>Participants Without Active Plan Accounts.</u>    The Settlement Administrator, if one is retained, or another entity, will notify Participants Without Active Plan Accounts of the amount of their Final Individual Dollar Recovery.  At its sole discretion, J. C. Penney reserves the right to distribute separate checks or re-open these Settlement Class member Plan accounts.  For class members who no longer have Plan accounts, whether J. C. Penney distributes to such class members separate checks or re-opens these Settlement Class member Plan accounts, J. C. Penney will report the tax consequences of the distributions, if necessary, to the IRS and these class members will be subject to all tax consequences for the receipt of these amounts.    The Settlement Administrator, if one is retained, or such other entity, will send the notice and forms to the last known addresses of Participants Without Active Plan Accounts on file with the Plan and, if returned, will use a commercial locator service to search for a more current address for each such individual and send the notice and

forms to such address.   Any funds remaining in the Net Settlement Fund after a distribution(s) (the "Forfeiture Amount") shall be treated as if it was a check returned ("forfeiture") to the Plan Sponsor pursuant to the Plan's "*If You Cannot Be Located*" section[1], which provides that:

> [i]f [the Plan Sponsor] make[s] a payment to you and the check is returned … your distribution amount will be transferred to a special account … and if you cannot be located within a reasonable time, your benefit will then be transferred to the Forfeiture Account.  If you contact the plan later, you will be entitled to immediate payment of the amount previously distributed to you."

The Plan Sponsor shall not be required to contribute more than is deposited into the Plan as forfeitures to any Participants Without Active Plan Accounts who cannot be located using a commercial locator service.  Once the Plan Sponsor has contributed the Forfeiture Amount to Participants Without Active Plan Accounts who could not be located using a commercial locator service, it will have no further responsibilities under this subparagraph.

### III.   Calculation of Allocation

A.     For each Participant, the Settlement Administrator shall determine the approximate alleged net loss ("Net Loss"):   Net Loss = $A + B - C - D$, where, for each Participant's account:

1.     $A$ = the dollar value, if any, of the balance in the J. C. Penney Common Stock Fund on the first day of the Settlement Class Period;

2.     $B$ = the dollar value, if any, of all of the purchases of interests in the J. C. Penney Common Stock Fund during the Settlement Class Period as of the time of purchase(s);

---

[1] Annexed hereto as **Exhibit A**.  401(k) Savings Plan Summary Plan Description, p. 48, J. C. Penny Corporation, Inc., Jan. 1, 2012.

3.      C = the dollar value, if any, of all sales of interests in the J. C. Penney Common Stock Fund during the Settlement Class Period as of the time of the sale(s); and

4.      D = the dollar value, if any, of the balance in the J. C. Penney Common Stock Fund remaining on the last day of the Settlement Class Period.

B.      All Participants whose Net Losses are negative (that is, those who profited rather than lost money as a result of the calculations in Section III.A) will be excluded from further calculations under this Plan of Allocation and shall not receive any distribution from the Net Settlement Fund.

C.      The Net Losses of the Participants as calculated in Section III.A-B above will be aggregated to yield the loss of the Plan as a whole over the Settlement Class Period (the "Plan's Loss").

D.      The Settlement Administrator, if one is retained, or such other entity, shall calculate for Participants their "Alleged Net Loss Percentage" of the Plan's Loss by dividing their Net Loss by the Plan's Loss.

E.      The Settlement Administrator, if one is retained, or such other entity, shall then calculate for Participants their "Preliminary Individual Dollar Recovery," or preliminary personal share of the Net Settlement Fund, by multiplying their Alleged Net Loss Percentage by the Net Settlement Fund.

F.      The Settlement Administrator, if one is retained, or such other entity, shall identify all Participants whose Preliminary Individual Dollar Recovery under Parts III.A-E above is greater than zero but less than or equal to twenty five dollars ($25.00) (the "De Minimis Amount").  All Participants whose Preliminary Individual Dollar Recovery is less than or equal to the De Minimis Amount shall receive no distribution from the Net Settlement Fund.

G.      The Settlement Administrator, if one is retained, or such other entity, shall recalculate the Alleged Net Loss Percentages of the Participants whose Preliminary Individual Dollar Recovery was greater than the De Minimis Amount by omitting from the recalculation those Participants whose Preliminary Individual Dollar Recovery was equal to or less than the De Minimis Amount, so as to arrive at each such Participant's "Final Individual Dollar Recovery."  The sum of the Final Individual Dollar Recoveries must equal the Net Settlement Fund, less any reasonable withholdings for, *e.g.*, taxes due and amounts needed to prepare such tax filings, and for any anticipated expenses of distribution to Participants who no longer have active Plan accounts pursuant to Section II.B.2, above.

H.      At least twenty (20) business days prior to the allocation to Participants, the Settlement Administrator, if one is retained, or such other entity, shall provide Class Counsel and Defendants' counsel the methodology used in calculating losses as described herein (or otherwise modified) as well as a sampling of the summaries, compilations, calculations, or tabulations of the claims and amounts described herein, including a complete listing setting out the dollar amount ultimately allocated to each Participant. The Settlement Administrator, if one is retained, or such other entity, shall address any timely concerns or objections before any distribution is made.

I.       Within fifteen (15) business days of the Settlement Administrator, if one is retained, or such other entity, providing its summary described in the preceding paragraph, Defendants shall separately identify the Participants With Active Plan Accounts and Participants Without Active Plan Accounts, so that it can be determined whether Participants fall within Sections II.B.1 or II.B.2, above.

J.      The Settlement Administrator, if one is retained, or such other entity, shall then calculate the portion of the Net Settlement Fund to be deposited into the Plan pursuant to Section II.B.1 and J. C. Penney shall transmit such funds to the Trustee.  The Settlement Administrator also shall effectuate notices of distribution to Participants who fall within the scope of Section II.B.2, above.   To the extent that the Settlement Administrator, if one is retained, or such other entity, determines, prior to distribution, that further reasonable withholding from the Net Settlement Fund are needed for distribution pursuant to Section II.B.2, above, the Final Individual Dollar Recovery for all Participants shall be prorated equally, but any Participant who falls below the De Minimis Amount as a result of such proration shall still be entitled to recovery hereunder.

K.      Nothing in this Plan of Allocation shall be applied or construed to alter or amend any of the terms of the Settlement Stipulation.

## IV.   Qualifications and Continuing Jurisdiction

A.      In light of the manner in which the data are kept and the ease with which they may be manipulated, it may be appropriate to simplify some of the features of these calculations.  Such simplifications are acceptable as long as each Participant shall receive a share of the Net Settlement Fund based approximately on the decline in the value of J. C. Penney Stock he or she held in his or her Plan account over the Settlement Class Period in comparison with the decline in value of J. C. Penney Stock held by others in the Plan.  Any material changes will be presented to the Court for approval pursuant to Section IV.B below, and any unresolvable objections to the calculations of the Settlement Administrator, if one is retained, or such other entity, shall also be presented to the Court pursuant to Section IV.B below.

       B.      The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

Exhibit A

# 401(k) Savings Plan

## Summary Plan Description

J.C. Penney Corporation, Inc.
January 1, 2012

**Lump-Sum Distribution**

If you request a single payment of the value of your account, you will be paid in cash or in shares of Penney Common Stock, or a combination of both cash and Penney Common Stock, as described below under **Form of Payment**. Please see information regarding rollovers under **Transfers to Another Plan or IRA** below.

**Repetitive Monthly Payments**

If your employment ends and you are fully vested in your total account balance, you may choose to receive monthly payments of at least $100 from your account. You may cancel or change the amount of your monthly payment at any time.

### *Form of Payment*

Generally, if you first become a Participant in the 401(k) Savings Plan before February 25, 2010, distributions are paid in cash unless you choose to receive all or part of your distribution in shares of Penney Common Stock. However, if you first become a Participant in the 401(k) Savings Plan on or after February 25, 2010, the normal form of distribution will be cash unless you elect to receive your benefits invested in the Penney Common Stock Fund in Penney Common Stock. If you want your distribution in stock, you must call PowerLine at 1-888-890-8900 and speak with a PowerLine specialist.

### *Timing of Payment*

There will be a time delay between the date your employment ends and the date you receive any cash payment or requested shares of Penney Common Stock. Your account is valued when your payment request is processed.

The 401(k) Savings Plan does not pay interest for any period after your account is valued. If you request payment in shares of Penney Common Stock and the stock value decreases during these times, you do not owe the difference to the 401(k) Savings Plan. And, if the value of the stock increases, neither the 401(k) Savings Plan nor the Company owes you the difference. You will always receive the number of shares you are eligible to receive as of the date your account is valued.

### *Transfers to Another Plan or IRA*

You may transfer ("roll over") the payment to either an IRA (an individual retirement account or individual retirement annuity), Roth IRA, an employer plan (a tax-qualified plan, section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. A rollover allows you to avoid paying current income tax and any penalty tax on the amount you transfer. You will need to provide certain information about your IRA, Roth IRA, or other plan to complete the transfer.

Transfers of 401(k) Savings Plan investments into either an IRA (an individual retirement account or individual retirement annuity), Roth IRA, an employer plan (a tax-qualified plan, section 403(b) plan, or governmental section 457(b) plan) may be made either by logging on to PowerLine or http://www.jcpenneypowerline.com/, or by calling PowerLine from the Team Member Kiosk at 1-888-890-8900 and speaking with a specialist. Written rollover requests and/or forms will not be accepted.

### *If You Cannot Be Located*

After you leave the Company, it is your responsibility to notify PowerLine if your address changes — either by logging on to http://www.jcpenneypowerline.com/ or by calling PowerLine at 1-888-890-8900. If we make a payment to you and the check is returned to PowerLine, your distribution amount will be transferred to a special account. This account does not pay interest or receive investment earnings. If you have not contacted the Plan Administrator and you cannot be located within a reasonable time, your benefit will then be transferred to the Forfeiture Account. If you contact the plan later, you will be entitled to immediate payment of the amount previously distributed to you.